UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMY LEWIS REINAN,

          Petitioner,

   v.

PATRICK GLEBE,

          Respondent.

CASE NO. C13-5886 RBL-JRC

ORDER ON MOTIONS IN LIMINE

    The District Court has referred this petition for a writ of habeas corpus to the undersigned United States Magistrate Judge. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

    Petitioner asks the Court to rule on six motions.

    1.    Petitioner asks the Court to exclude any reference to a dissolution hearing between him and "AM." (Dkt. 26, p. 5).

    2.    Petitioner asks the Court to exclude any reference to the legal term "beyond a reasonable doubt." (Dkt. 26, p. 7).

    3.    Petitioner asks that the Court exclude and reference to the legal term "viewed in a light most favorable to the State." (Dkt. 26, p. 10).

    4.      Petitioner asks that the Court void all "contracts," (documents signed by defendant) (Dkt. 26, p. 12).

    5.      Petitioner asks the Court to exclude any reference to "the RCW statutes and descriptive title nomenclature of the relevant statues charged in counts I through Count VIII (Dkt. 26, p. 14).

    6.      Petitioner asks the Court for acquittal and that the Court vacate his criminal convictions (Dkt. 26, p. 18).

(Dkt. 26). Petitioner filed a petition challenging his state convictions (Dkt. 22). In federal court, petitions of this nature are filed pursuant to 28 U.S.C. § 2254.

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

1    Petitioner may challenge the evidentiary rulings and legal instructions in his petition
2 itself, if he properly exhausted those issues in his state proceedings. If the issues raised in
3 plaintiff's motion in limine are part of the substantive issues raised in his petition and if those
4 issues were exhausted in state court, then the Court will review them when considering the
5 petition on its merits.

6    Motions in limine are procedural in nature for the purpose of determining what
7 evidence may be submitted at trial. Plaintiff's motions are substantive in nature, rather than
8 procedural and are not the proper subject of motions in limine. The Court denies petitioner's
9 current motions, although petitioner is free to raise these issues when his case is reviewed
10 substantively, if properly raised in the petition and exhausted in state court.

11    Dated this 15th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge